UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KATHRYN ICHIKAWA**                                    **CIVIL ACTION**

**VERSUS**                                              **NO: 16-1288**

**DSW SHOE WAREHOUSE, INC., ET AL**                     **SECTION: "H"(3)**

## ORDER AND REASONS

Before the Court is Defendants' Motion for Summary Judgment (Doc. 39). For the following reasons, this Motion is **GRANTED**.

## BACKGROUND

On December 5, 2015 Plaintiff Kathryn Ichikawa was shopping for a pair of ankle boots at the DSW on Clearview Parkway. While browsing, she took a step back and fell over a bench placed in the aisle between rows of shoes that was not affixed to the floor, resulting in serious injuries. Defendants have moved for summary judgment, arguing that the bench constituted an open and obvious condition. Plaintiff opposes this Motion.

1

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the

---

[1] Fed. R. Civ. P. 56(c) (2012).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).
[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).
[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

necessary facts."[7]  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

Under Louisiana law, liability predicated on negligence is governed by the duty-risk analysis articulated by the Louisiana Supreme Court.  This analysis incorporates these five basic elements—duty, breach, cause in fact, legal cause, and actual damages.[9]  In addition to these elements, a merchant's liability for a trip and fall is further governed by La. Rev. Stat. § 9:2800.6, which provides:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup

---

[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[9] *Pitre v. Louisiana Tech University*, 673 So.2d 585, 589–90 (La. 1996).

3

or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

"[A] defendant generally does not have a duty to protect against that which is obvious and apparent. In order for an alleged hazard to be considered obvious and apparent [the Louisiana Supreme Court] has consistently stated that the hazard should be one that is open and obvious to everyone who may potentially encounter it."[10] Additionally, "[a] pedestrian has a duty to see that which should be seen and is bound to observe whether the pathway is clear."[11] Summary judgment is appropriate where the Plaintiff has failed to present evidence that the complained-of condition or thing is unreasonably dangerous.[12]

Defendant argues that the bench over which Plaintiff tripped was open and obvious and that Plaintiff could have avoided her fall through the exercise of ordinary care. Plaintiff responds in opposition, arguing that summary judgment is precluded by genuine issues of material fact regarding "whether a person encountering the bench would expect that (1) the bench would be unreasonably top-heavy and unsecured and (2) the bench would be improperly positioned in relation to the shelving." The Court will address each in turn.

**I. Whether the bench was unreasonably top-heavy**

Plaintiff argues that summary judgment should be denied because the bench was unreasonably top-heavy and should have been anchored to the ground. She fails, however, to cite to any authority imposing such a burden on

---

[10] *Bufkin v. Felipe's Louisiana, LLC,* 171 So.3d 853, 856 (La. 2014).
[11] *Hutchinson v. Knights of Columbus, Council No. 5747*, 866 So. 2d 228, 235 (La. 2004).
[12] *Allen v. Lockwood*, 156 So. 3d 605 (La. 2015).

merchants placing benches in their stores. Though Plaintiff's expert opines that, in his opinion, the bench was unreasonably top-heavy, he does not appear to base this opinion on any industry standard or scientific method. More problematic, however, is plaintiff's failure to connect any alleged design deficiency to the accident in question. As Defendant notes, the design of the bench might be relevant if Plaintiff had attempted to sit on the bench and inadvertently knocked it over, or if the bench had slide out from under her as she tried to sit down. The issue before this Court is whether or not the placement of the bench constituted an open and obvious condition. Plaintiff seems to argue that the top-heavy nature of the benches created an unreasonable risk of harm. The question before the Court, however, is whether Plaintiff, in the exercise of reasonable care, should have noted the presence of the bench and endeavored to avoid it. Put simply, the complained-of condition is the placement, not the composition, of the bench in question. Whether or not the bench was top-heavy is not relevant to that specific inquiry.

## II. Whether the bench was improperly positioned in relation to the shelving

Plaintiff argues that whether or not the placement of benches in relation to the shelving constituted an open and obvious condition is a disputed issue of fact. In support, she relies primarily on *Tramuta v. Lakeside Plaza, LLC*.[13] There, the court reversed a grant of summary judgment, finding that whether the placement of a parking bumper relative to a step in a parking lot constituted an open and obvious condition was a dispute of material fact. The Court finds this comparison unavailing. In *Tramuta,* the Court found that it

---

[13] 168 So.3d 775 (La. App. 5 Cir. 2015).

was unclear from the record whether the added step over which the plaintiff tripped was readily visible. In this case, however, it is undisputed that the bench at issue was open and obvious for all to see. Indeed, Plaintiff herself testified that she was aware of the benches in the store and would have seen it had she turned around. The Court finds that the instant case is distinguishable from *Tramuta*.

At oral argument, Plaintiff also directed the Court to the recent Louisiana Second Circuit Court of Appeal case of *Gauthier v. Dollar Tree Stores, Inc.*[14] There, a plaintiff was injured when she tripped on a box of merchandise that was placed in the aisle of the defendant's store, contrary to the store's own policy. The court reversed a grant of summary judgment in favor of defendant, finding that there was a genuine issue of material fact as to "whether defendant's practice of intentionally placing boxes of merchandise on the floor in the path of shoppers is a reasonable manner of satisfying its statutory duty to keep the aisles and floors in a safe condition."[15] The Court finds, however, that this matter differs in several important respects from the situation presented in *Gauthier*. Specifically, in that case, the Court emphasized that the hazard presented violated the store's own policy. Here, the benches were intentionally placed to benefit the shoppers and were certainly not in violation of any policy. Moreover, Plaintiff testified that she was aware of the presence of such benches in the store. Accordingly, the Court finds that the placement of the benches constituted an open and obvious condition.

---

[14] *Gauthier v. Dollar Tree Stores, Inc.*, 50,936 (La. App. 2 Cir. 10/21/16), writ denied, 2016-2047 (La. 1/9/17).

[15] *Id.* at *3.

6

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 13th day of February, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**